UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Heriberto Guadalupe,<br><br>                Plaintiff,<br>v.<br><br>Chase Auto Finance Corp.; DEZBA Asset Recovery,<br><br>                Defendants. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Heriberto Guadalupe, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' unlawful and wrongful repossession of Plaintiff's vehicle in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), Article 9 of the Uniform Commercial Code (UCC), New York General Business Law, NY GBL § 349, and common law claims of conversion, trespass, and breach of peace in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Heriberto Guadalupe ("Plaintiff"), is an adult individual residing in Queens Village, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Chase Auto Finance Corp. ("Chase"), is a New York business entity

with an address of 1 Chase Manhattan Plaza, Floor 59, New York, New York 10005. Chase is a financial institution engaged in lending. Chase engages in the financing and repossession of vehicles.

6. Defendant, DEZBA Asset Recovery ("DEZBA") is a New York business entity with an address of 110 Eads Street, West Babylon, New York 11704. DEZBA is a company engaged in the business of repossessing vehicles on behalf of lenders and acts as an agent of Chase. DEZBA is a "debt collector" within the meaning of the 15 U.S.C. § 1692a(6).

## NATURE OF THE ACTION

7. Plaintiff brings this action after the Defendants illegally repossessed his vehicle even though they did not have an enforceable security interest in his vehicle, thereby violating the NY UCC § 9-625 and NY GBL§ 349. Plaintiff also brings a claim for the illegal repossession of his vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

8. Plaintiff is seeking statutory damages, punitive damages and actual damages, as well as attorneys' fees and costs.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

9. The Plaintiff allegedly incurred a financial obligation (the "Debt") to Chase.

10. The Debt arose from services provided by Chase which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. Defendants acted in concert to unlawfully repossess Plaintiff's vehicle and are jointly and severally liable for their actions.

B. **Factual Allegations**

12. Plaintiff entered into an automobile financing agreement with Chase to purchase a 2018 Honda HR-V, VIN ending in 7041 (the "Vehicle").

13. On July 29, 2024, Chase filed a "Notice of Recorded Lien" stating that, "Our security interest in the vehicle, boat or manufactured home described in this notice has been satisfied." The notice identifies the 2018 Honda, ID ending in 7041.

14. Plaintiff does not have any loans or liens encumbering the title of the Vehicle.

15. Chase released its security interest in the Vehicle on July 29, 2024.

16. Contrary to the "Notice of Recorded Lien," stating that Chase has no security interest in the vehicle, Chase issued an Order to Repossess on January 18, 2025 (the "Repossession Order").

17. In the Repossession Order, Chase directed DEZBA to repossess the Vehicle from Plaintiff's home address.

18. On or about January 21, 2025, Defendants unlawfully repossessed Plaintiff's vehicle without legal authority and without providing the required notices under state and federal law.

19. The repossession occurred without a court order and over Plaintiff's objection, constituting a breach of peace.

20. Plaintiff advised DEZBA at the time of repossession that Chase released the lien on the Vehicle.

21. Plaintiff provided DEZBA with a copy of the Notice of Recorded Lien, which DEZBA took a picture of and sent to a supervisor.

22. Over Plaintiff's objection and evidence of Chase's release of lien, DEZBA towed

the Vehicle because DEZBA was unable to confirm the release of lien with Chase because it was "after hours."

23. The Vehicle was towed with Plaintiff's personal possessions inside.

24. Defendants did not provide Plaintiff with a proper notice of default, right to cure, or post-repossession notice.

25. Defendants' conduct caused Plaintiff financial loss, emotional distress, and inconvenience, including but not limited to loss of employment opportunities, transportation difficulties, and reputational harm.

C. **Plaintiff Suffered Actual Damages**

26. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

27. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

28. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

### VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.* – AS TO DEZBA ASSET RECOVERY

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of a debt.

31. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

32. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

> A. There is no present right to possession of the property claimed as collateral through an enforceable security interest; or
>
> B. property is exempt by law from such dispossession or disablement.

33. At the time of the repossession, Defendants did not have an enforceable security interest in the Plaintiff's vehicle, but they seized the vehicle anyway and then held that vehicle even after they were alerted that they had no right to take the vehicle.

34. Furthermore, because the Defendants did not have an enforceable security interest in the vehicle, the vehicle was clearly exempt by law from dispossession.

35. As a result, Defendant violated 15 USC §§ 1692e, 1692f and 1692f(6) when it repossessed the Plaintiff's vehicle.

36. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendant harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

37. Defendant's illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration and embarrassment, by causing him to waste time and effort in trying to regain possession of the vehicle, and by depriving him of the use of his vehicle.

38. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

39. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATION OF NEW YORK UNIFORM COMMERCIAL CODE (UCC) ARTICLE 9 – AS TO ALL DEFENDANTS

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

41. Defendants failed to comply with New York UCC § 9-609, which governs repossessions and requires repossessions to be conducted without a breach of the peace.

42. Defendants further violated New York UCC § 9-611 and 9-614 by failing to provide proper notices before and after the repossession.

43. Plaintiff suffered damages as a direct result, including financial losses and emotional distress.

## COUNT III

### VIOLATIONS OF NEW YORK GBL § 349
### ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS – AS TO ALL DEFENDANTS

44. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

45. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

46. The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

47. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendant.

48. By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## COUNT IV

## CONVERSION – AS TO ALL DEFENDANTS

49. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. As set forth above, the Defendants wrongfully repossessed the Plaintiff's vehicle even though they had no enforceable security interest in the vehicle and Plaintiff was instead entitled to the present use of his own vehicle.

51. Plaintiff had legal ownership and possession of the vehicle at the time of repossession.

52. Defendants then held Plaintiff's vehicle for a period of time, and continued to hold onto that vehicle, thereby exercising control over the Plaintiff's property.

53. Defendants' conversion of Plaintiff's vehicle harmed Plaintiff, by literally stealing and holding his vehicle.  Defendant further harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving him of the use of his vehicle, in damaging his vehicle, in causing Plaintiff to waste countless hours in trying to recover his vehicle, and by subjecting him to unfair and unconscionable means to collect a debt.

54. As a result, Plaintiff suffered monetary and non-monetary damages.

## COUNT V

## TRESPASS TO CHATTELS – AS TO ALL DEFENDANTS

55. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. Defendants interfered with Plaintiff's property rights by unlawfully seizing and retaining Plaintiff's vehicle.

57. Defendants' actions caused Plaintiff damages, including inconvenience, transportation costs, and emotional distress.

## COUNT VI

## BREACH OF PEACE (Common Law & UCC § 9-609) – AS TO ALL DEFENDANTS

58. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. Defendants agents used force, threats, and intimidation to take Plaintiff's vehicle over Plaintiff's objections, violating the UCC's prohibition against breach of peace.

60. Defendants are liable for damages resulting from this wrongful conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendant as follows:

1. Against the named Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against each of the named Defendants, awarding the Plaintiff statutory damages pursuant to NY UCC § 9-625 and NY GBL § 349.

4. Against the named Defendants, jointly and severally, awarding the Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

5. Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and NY UCC § 9-625;

6. Against the named Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

7. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 7, 2025

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg (SL 6331)
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff