UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------X

HERIBERTO GUADALUPE,

                                    *Plaintiff,*

                    -against-

CHASE AUTO FINANCE CORP., and
DEZBA ASSET RECOVERY,
                                    *Defendants.*

-----------------------------------------------X

**FILED**
**CLERK**

**5/5/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM**
**AND ORDER**
25-CV-00718 (HG) (JMW)

**A P P E A R A N C E S:**

Vlad Hirnyk
Sergei Lemberg
**Lemberg & Associates, LLC**
1100 Summer Street, 3rd Floor
Stamford, CT 06905
*Attorneys for Plaintiff*

Christopher B. Turcotte
**Turcotte Law, P.C.**
641 Lexington Avenue, 15th Floor
New York, NY 10022
*Attorney for Defendants*

**WICKS,** Magistrate Judge:

Plaintiff Heriberto Guadalupe ("Plaintiff") commenced this action on February 7, 2025

against Defendants Chase Auto Finance Corp. ("Chase")[1] and DEZBA Asset Recovery

("DEZBA")(collectively, "Defendants") claiming unlawful and wrongful repossession of

Plaintiff's 2018 Honda HR-V ("Vehicle") in violation of the Fair Debt Collection Practices Act,

---

[1] Defendant JPMorgan Chase Bank, N.A. was incorrectly sued herein as Chase Auto Finance Corp. As such, any reference made to Chase refers to JPMorgan Chase.

15 U.S.C. § 1692, *et seq.*, ("FDCPA") and Article 9 of the United Commercial Code, New York General Business Law § 349.  Plaintiff also asserts claims for conversion, trespass, and breach of peace. (*See generally* ECF No. 1.) Presently before the Court is Chase's motion for attorney's fees in connection with its efforts to serve a subpoena *duces tecum* on non-party Sol Enterprise Transport ("SET"). (ECF No. 50.) The motion is unopposed. For the reasons stated below, the motion is GRANTED in full.

### BACKGROUND

The Court assumes familiarity with the underlying causes of action. (*See generally* ECF No. 45.) As explained in this Court's February 19, 2026, Chase expended considerable effort, spanning nearly seven months, in serving a subpoena *duces tecum* on SET. (*See id.* at 2–7.) The Court noted that "SET is undoubtedly a 'key witness' in this action considering SET possesses employment and payroll records which bear directly on Plaintiff's request for $39,600.00 in lost wages resulting from the repossession of the Vehicle." (*Id.* at 11 (citing ECF No. 43-14; ECF No. 28, Ex. B; ECF No. 39).) Chase's efforts to secure compliance with the subpoena included several rounds of motion practice. (*See, e.g.*, ECF Nos. 20, 30, 35.)

The Hon. Hector Gonzalez determined that Defendants established a *prima facie* case for civil contempt against SET due to its protracted non-compliance. (Electronic Order dated December 30, 2025.) Chase thereupon requested a hearing to determine appropriate sanctions. (ECF No. 35.) This Court held the hearing on February 18, 2026. (*See* Electronic Minute Order dated February 19, 2026.) On February 19, 2026, the Court issued a written opinion. (ECF No. 45.)

Relevant here, the Court concluded that, in addition to other sanctions, SET must "reimburs[e] Chase for its reasonable attorney's fees and costs incurred in connection with filing

2

the motion for contempt." (*Id.* at 2; *see also id.* at 14 ("[T]he Court finds that SET's noncompliance was willful to support an award of attorney's fees and costs incurred in connection with its contempt motions.").) However, the Court noted that Chase's submissions to date did not contain sufficient information for the Court to determine a reasonable fee amount. (*Id.* at 15.) Consequently, the Court directed Chase to submit "contemporaneous time records detailing the matters worked on, the hourly rates charged by those billing for the motion for contempt, an affidavit as to the legal experience of those billing for the motion for contempt, and any other proof necessary for the Court to determine a 'reasonable' fee." (*Id.*)

On March 16, 2026, Chase submitted an attorney declaration and detailed invoices, as well as a memorandum of law, in support of its motion for fees. (ECF No. 50.) Having reviewed the submissions, the Court finds the fees and costs reasonable and grants Chase's motion in full.

## LEGAL STANDARD

"Sanctions may be appropriate under Rule 45 if a nonparty is declared in contempt on the basis of its failure to comply with subpoena. . . .  In addition, an award of attorney's fees for prosecution of a contempt motion is appropriate only where the contemnor had actual notice of the Court's order, was able to comply with it, did not seek to have it modified, and did not make a good faith effort to comply." *Roytlender v. D. Malek Realty, LLC*, No. 21-CV-00052 (JMW), 2024 WL 2891749, at *3 (E.D.N.Y. June 10, 2024) (internal citations omitted). Indeed, "[i]t is well settled in this Circuit that costs, including reasonable attorney's fees, may be awarded to the party who prosecutes a contempt motion as an appropriate compensatory sanction for contumacious behavior." *Software Freedom Conservancy, Inc. v. Westinghouse Digital Elecs., LLC*, 812 F. Supp. 2d 483, 491 (S.D.N.Y. 2011) (citation omitted); *see also, e.g., Superb Motors*

3

*Inc. v. Deo*, No. 23-CV-6188 (JMW), 2025 WL 1770553, at *3 (E.D.N.Y. June 26, 2025) (Wicks, J.) (granting "fees for the hours spent" on a contempt motion).

In determining a "reasonable fee award" of compensatory sanctions following a finding of civil contempt, courts utilize the "lodestar" method. *New Falls Corp. v. Soni Holdings, LLC*, No. 19-CV-00449 (HG) (LGD), 2023 WL 5806294, at *4 (E.D.N.Y. July 6, 2023) ("[C]ourts use the lodestar method to determine attorney's fee awards resulting from contempt."); *see Treyger v. First Class Furniture & Rugs Inc.*, No. 21-CV-2902, 2022 WL 18356256, at *5-6 (E.D.N.Y. July 14, 2022) (using the lodestar method to determine attorney's fees owed due to contempt), *report and recommendation adopted*, 2023 WL 199698 (E.D.N.Y. Jan. 17, 2023).

"A reasonable award reflects the result of the 'lodestar' analysis, *i.e.*, the product of a reasonable hourly rate (which rate reflects the hourly rate in the District for similar cases) and the reasonable number of hours spent on the tasks for which expenses are sought." *Jackson v. Nassau County*, 602 F. Supp. 3d 352, 355–56 (E.D.N.Y. 2022). This presumptively reasonable fee is essentially "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks and citations omitted).

"The method for determining reasonable attorney's fees in this Circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases." *Scelsi v. Habberstad Motorsport Inc.*, No. 19-CV-4315 (FB), 2021 WL 6065768, at *2 (E.D.N.Y. Dec. 22, 2021) (referencing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 184, 186 n.3, 190 (2d Cir.

2008)). Once a reasonable hourly rate is determined, the Court must then "multiply that rate by the number of hours reasonably expended, in order to determine the presumptively reasonable fee." *Id.* (referencing *Arbor Hill*, 522 F.3d at 190). "Additionally, the party seeking expenses must support the award sought with the submission of contemporaneous time records reflecting the hours for each professional, the date and number of hours each spent, and a description of the work performed." *Jackson v. Nassau County*, 602 F. Supp. 3d 352, 355–56 (E.D.N.Y. 2022).

Here, Chase's counsel seeks $6,831.10. This sum comprises fees of 18.7 hours billed at $340 per hour ($6,358.00) plus $473.10 in costs. (ECF No. 50-1 at 5–6.)

## DISCUSSION

### I. Reasonable Hourly Rate

Courts in the Eastern District of New York have recognized that reasonable hourly rates for experienced attorneys may range from approximately $450 to $650, with the highest rates generally reserved for highly experienced trial attorneys recognized as leaders in their fields. *See Rubin v. HSBC Bank USA,* NA, 763 F. Supp. 3d 233, 243–44 (E.D.N.Y. 2025) ("Adjusted for inflation and market conditions, I have rounded out the forum rates in the Eastern District to now be $450-$650 for partners…..") Courts also consider an attorney's experience in the field and other factors when assessing the reasonableness of a requested hourly rate. *Holiday Park Drive, LLC v. Newist Corp.*, No. 23-CV-02623 (AMD) (JMW), 2025 WL 990165, at *3 (E.D.N.Y. Apr. 2, 2025) (finding hourly rates reasonable where counsel's practice included "complex commercial litigation" and other specialized litigation matters).

Here, Chase's counsel, Christopher B. Turcotte, requests $340.00 per hour for his work on this matter. (ECF No. 50-2, ¶ 6.) Turcotte has been practicing law for more than 30 years, following a clerkship with the Honorable Julio M. Fuentes. (*Id.*, ¶ 3.) He is admitted in numerous

5

courts, including state and federal courts. (*Id.*, ¶ 2 n.1.) Accordingly, his requested rate of

$340.00 per hour is reasonable. *See, e.g.*, *Ballard v. Dzurenda*, No. 20-CV-05241 (MKB)

(JMW), 2026 WL 673249, at *2 (E.D.N.Y. Mar. 10, 2026) (granting $650 per hour to an

attorney "with over fifteen years of experience in complex matters" for work done pursuing

discovery sanctions); *Pagano v. HN & Sons LLC*, No. 22 CIV. 4897 (BMC) (VMS), 2025 WL

3460470, at *3 (E.D.N.Y. Aug. 28, 2025) (granting $400.00 per hour for attorney's fees in

connection with work on Rule 37 sanctions motion); *see also Axos Bank v. 64-03 Realty LLC*,

No. 20-CV-3549 (RPK) (CYP), 2026 WL 764476, at *7 (E.D.N.Y. Mar. 18, 2026) (granting

$650 "attorney blended rate" for 2024–25, noting the rate is "generally in line with the prevailing

billing rates in this district").

## II.    Reasonable Hours Billed

After determining the appropriate hourly billing rate, the Court must then calculate the

hours reasonably expended. *Maldonado v. La Nueva Rampa, Inc.*, No. 10-CV-8195 (LLS) (JLC),

2012 WL 1669341, at *13 (E.D.N.Y. May 14, 2012). In making this determination, "[t]he

relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but

whether, at the time the work was performed, a reasonable attorney would have engaged in

similar time expenditures." *Ballard*, 2026 WL 673249, at *3 (quoting *Grant v. Martinez*, 973

F.2d 96, 99 (2d Cir. 1992)). As such, courts consider attorney's hours "in light of the extent and

nature of the legal tasks they performed." *CIT Bank, N.A. v. Ayers*, No. 15-CV-7256 (JFB) (SIL),

2017 WL 6816486, at *4 (E.D.N.Y. Dec. 5, 2017). Courts also look to what is billed and whether

the work performed is in connection with the instant motion for attorney's fees. *See Superb*,

2025 WL 1770553, at *3-4 ("Judges in this District have awarded fees when the work performed

appears reasonably related to the instant motion for attorney's fees, such as research about the

6

standards for recovery and drafting portions of the memorandum of law.") (internal citation omitted).

Chase's counsel, Christopher Turcotte, submits that he spent 18.7 hours working on Chase's "enforcement of the Subpoena, including the preparation and filing of its motions to enforce compliance with the Subpoena and the Orders of this Court, and for contempt of court." (ECF No. 50-2, ¶ 7.)

The billing records submitted are quite granular. This is good, because it shows that Turcotte did not engage in "block billing." The largest entries are a bit over $500 each, which, at an hourly rate of $340.00, comes to about an hour and a half.[2] (ECF No. 50-2 at 10, 15); *see Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 188 F. Supp. 3d 333, 343 (S.D.N.Y. 2016) (noting with approval that "the majority of the block-billed entries were for fewer than five hours"). Three of these were between February 15–17, 2026—two for "drafting" the attorney declaration and exhibit list for the February 18, 2026 contempt hearing, and the third for "[r]evis[ing]" and "filing" it. (ECF No. 50-2 at 15.) That declaration and its corresponding 14 exhibits were a cogent and helpful chronicle of Chase's multiple efforts to enforce compliance with the SET subpoena. (*See* ECF No. 43.) It is hard to imagine how Turcotte could have put that submission together in less than the 4.6 hours implied in the $1,564.00 he requests.

While technically "filing" is a distinct task from "revising," such block billing "is by no means prohibited" because it does not impede this Court's ability "to conduct a meaningful review of the hours for which counsel seeks reimbursement." *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022); *see also Superb*, 2025 WL 1770553, at *4 (approving requested fees even though counsel "lump[ed] together" drafting and filing). Turcotte could have justified an hour and a half

---

[2] Turcotte's invoices do not state the number of hours worked. (*See* ECF No. 50-2.) But they do include the dollars billed, so it is easy to reverse-engineer the hours given the stated rate of $340.00 per hour.

of work with "revising" alone; adding "filing" does not detract from that. *See Abdell v. City of New York*, No. 05-CV-8453 RJS, 2015 WL 898974, at *4 (S.D.N.Y. Mar. 2, 2015) (finding block billing acceptable for "temporally short entries combining related tasks"). The point is that the bill "conform[s] to what a reasonable client compensating her attorneys on an hourly basis might expect them to delineate in periodic invoices seeking the payment of fees." *Hnot v. Willis Grp. Holdings Ltd.*, No. 01 CIV. 6558 GEL, 2008 WL 1166309, at *6 (S.D.N.Y. Apr. 7, 2008).

Turcotte billed $510.00 (implying 1.5 hours) for "[p]reparation for and appearance at" the February 18, 2026 hearing on SET's contempt sanctions. (ECF No. 50-1 at 15.) On November 14, 2025, he billed $510.00 for "[d]raft[ing] and fil[ing] letter motion renewing request" for SET contempt. (ECF No. 50-2 at 10; *see also* ECF No. 30 (November 17, 2025 Letter Motion to Compel with six exhibits).) And on August 22, 2025, he billed $442.00 for "[d]raft[ing] declaration in support of Chase's motion to compel compliance with" the SET subpoena. (ECF No. 50-2 at 5; *see also* ECF No. 20 (August 25, 2025 Letter Motion to Compel with six exhibits).) The above six entries alone—all highly detailed and eminently reasonable—account for half of the $6,358.00 requested.

As for the other half, these comprise granular entries for correspondence, reviewing relevant Court orders, drafting, filing, serving, and the like. (*See* ECF No. 50-2 at 4–15.) Some of these tasks—such as filing and serving—are clerical and, ordinarily, should not be billed at a partner rate. *See Hashimi v. Conandy Realty LLC*, No. 23-CV-2300 (LDH)(MMH), 2025 WL 914697, at *4 (E.D.N.Y. Mar. 26, 2025) (reducing rate where "some of the attorney's tasks were clerical ones normally performed by an administrative assistant or paralegal") (internal citation omitted); *Dunston v. Babushka LLC*, No. 24-CV-2969, 2025 WL 2980857, at *4 (E.D.N.Y. Oct. 22, 2025) (granting attorney $75 per hour for the 3.4 hours she spent on "relatively

8

straightforward clerical tasks"); *Pagano*, 2025 WL 3460470, at *5 (finding time spent on "email correspondence to confirm the correct location to serve third-party subpoena" to be "non-compensable" because it is "an administrative task that is inappropriate work for which to compensate an experienced attorney") (citation modified); *Roytlender*, 2024 WL 2891749, at *6 (granting $100.00 per hour for "administrative entries" such as "compiling/organizing documents for electronic filing, downloading documents, or otherwise calendaring dates in the firm's internal system").

Nevertheless, the Court finds it appropriate to grant Chase's request in full. First, Turcotte's hourly rate of $340.00 is far below the typical rate in the Eastern District for an attorney with 30 years of experience. *See supra* (collecting cases). Second, Turcotte's billing records end at February 28, 2026 (ECF No. 50-2 at 15), which means Chase is seeking minimal, if any, reimbursement for the time spent on this supplemental briefing submitted March 16, 2026. Third, it appears Turcotte performed all these tasks himself, thereby avoiding the kind of duplication of efforts often cited by courts as a reason to reduce billing. Fourth, this motion is unopposed. Fifth, spending only 18.7 hours on a protracted dispute spanning half a year and requiring multiple rounds of letter motions is reasonable and speaks to counsel's efficiency. *See Roytlender*, 2024 WL 2891749, at *7 (approving 53.3 hours spent trying to gain a third-party's subpoena compliance); *Citigroup Inc. v. Seade, No. 21 CIV. 10413 (JPC)*, 2023 WL 1971827, at *4 (S.D.N.Y. Jan. 6, 2023) (finding 36 hours on a contempt motion reasonable). Accordingly, attorney's fees of $6,348.00 in connection with Chase's contempt motions is reasonable.

## III.   Costs

In the context of contempt motions, expenses such as "court filing fees, process servers, printing, photocopying, messenger services, postage, telephone costs, transcripts, transportation,

meals, subpoenas, witness fees, deposition services, and transcripts are recoverable." *New Falls Corp. v. Soni Holdings, LLC*, No. 19CV00449HGLGD, 2023 WL 5806294, at *11 (E.D.N.Y. July 6, 2023), *report and recommendation adopted*, No. 19CV00449HGLGD, 2023 WL 5806257 (E.D.N.Y. Sept. 7, 2023). A request for costs must be supported by adequate documentation. *Feltzin v. Union Mall LLC*, 393 F.Supp.3d 204, 219-20 (E.D.N.Y. 2019) (collecting cases requiring appropriate documentation or receipts for costs). "[T]he party moving for costs bears the burden of demonstrating the reasonableness of each charge; failure to provide adequate documentation of costs incurred will limit, or even defeat, recovery." *Id.* (internal quotation marks omitted). "[T]he decision of whether to award costs . . . 'is committed to the sound discretion of the district court.'" *Swiatkowski v. Citibank as Citigroup*, 745 F. Supp. 2d 150, 174 (E.D.N.Y. 2010) (quoting *Cosgrove v. Sears, Roebuck, Co.*, 191 F.3d 98, 102 (2d Cir. 1999)).

Here, Chase requests reimbursement of $473.10, comprising $205.6 for postage costs, $187.23 for service of process, and $10.00 for transportation costs. (ECF No. 50-1 at 16 (citing ECF No. 50-2).) Service of process is recoverable. *Roytlender*, 2024 WL 2891749, at *7. So is postage. *See IME Watchdog, Inc. v. Gelardi*, No. 22-CV-1032 (PKC) (JRC), 2024 WL 4287244, at *10 (E.D.N.Y. Sept. 25, 2024) (granting "$78.24 in postage for preservation letters"). And so is transportation. *See Sigalit v. Kahlon*, No. 21-CV-08921 (MMG), 2025 WL 2831193, at *7 (S.D.N.Y. Oct. 6, 2025) (granting "transportation" costs in connection with motion for contempt and discovery sanctions). Accordingly, Chase is entitled to be reimbursed the full $473.10.

## CONCLUSION

For the foregoing reasons, the motion for attorney's fees filed at ECF No. 50 is

**GRANTED**, and Plaintiff's counsel is awarded attorney's fees and expenses in the amount of

$6,831.10.

Dated:   Central Islip, New York
         May 5, 2026

**S O   O R D E R E D:**

/s/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge
